IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RANDOLPH McDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>GWENDOLYN S. TATE,<br><br>    Defendant. | Civil Action No.: 22-cv-1435-LKG<br><br>Dated: July 13, 2022 |
| RANDOLPH McDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>GWENDOLYN S. TATE, and<br>SHAVETTE CONIGLAND,<br><br>    Defendants. | Civil Action No.: 22-cv-1436-LKG<br><br>Dated: July 13, 2022 |

**MEMORANDUM OPINION AND ORDER**

Randolph McDowell brings this action to challenge state court orders regarding alimony and child custody. ECF No. 1. He styles the pleadings as civil rights complaints filed pursuant to 42 U.S.C. §1983. The Complaints are accompanied by Motions for Leave to Proceed in Forma Pauperis, which are granted, Motions for Appointment of Counsel, which are denied, and Motions to Consolidate, which are granted. For the reasons that follow, the Complaints are dismissed.

The Court lacks subject matter jurisdiction to hear the case. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil*

*Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Title 28 U.S.C. § 1331 provides that a federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction.  For the Court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim, must be substantial, and not plainly frivolous.  *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).  Where no federal question is presented, the Court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different states.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  To establish jurisdiction, the Court looks to those facts affirmatively alleged in the complaint.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  The party seeking to avail itself of this Court's jurisdiction bears the burden of proof.  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

As to diversity jurisdiction, "Congress did not authorize [federal courts] to declare ab initio litigants' rights and duties under family relations laws."  *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980).  For matters concerning child custody, such as ordering payment of child support, this Court retains no diversity jurisdiction.  *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006);

2

*Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("[D]iversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights."). Accordingly, to the extent Anderson intended to file traditional civil complaints, this Court lacks jurisdiction to hear the case.[1]

Perhaps the Court, reading the pleading most generously to McDowell, could construe the pleadings as asserting violations of his federal constitutional rights. If construed as a complaint brought pursuant to 42 U.S.C. § 1983, the claim fails as a matter of law. First, McDowell seems to hold State Magistrate Judge Tate liable for decisions made during his state domestic relations proceedings. This cause of action cannot be maintained, because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id*.

McDowell does not explain who Shavette Conigland is or what actions she took that caused him harm. Other than naming her in the caption of his Civil Action No. LKG-22-1436 he does not

---

[1] Nor can this Court issue any mandamus relief against the state court that issued the challenged domestic relations order. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

explain any specific conduct undertaken by her. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.

To the extent McDowell contends Defendants defamed him during the conduct of his state domestic relation proceedings, his complaint is also unavailing. Maryland recognizes "an absolute privilege most notably with respect to judges, attorneys, parties, and witnesses who publish defamatory material during the course of a 'judicial proceeding.'" *McDermott v. Hughley*, 561 A.2d 1038, 1044 (Md. 1989) (quoting *Gersh v. Ambrose*, 434 A.2d 547 (1981)). Statements uttered in the course of a trial or contained in pleadings, affidavits, depositions and other documents directly related to the case partake of this privilege; they cannot serve as the basis for an action for defamation. *Gill v. Ripley*, 724 A.2d 88, 92 (Md. 1999) (citations omitted); *Miner v. Novotny*, 498 A.2d 269, 271 (Md. 1985). Derivative judicial immunity is extremely far reaching. A witness is protected from liability even if his motive was malicious, if he knew the statement was false, and if his conduct was otherwise unreasonable. *See Miner*, 498 A.2d at 270. The privilege, moreover, remains absolute regardless of whether the defamatory statements are relevant to the subject matter of the proceedings. *Holt v. Camus*, 128 F. Supp. 2d 812, 815-16 (D. Md. 1999).

Based on the foregoing, and on this 13th day of July, 2022, the United States District Court for the District of Maryland, hereby **ORDERS** that:

1. The Complaints **ARE DISMISSED** for lack of subject matter jurisdiction;
2. The Motions for Leave to Proceed in Forma Pauperis **ARE GRANTED**:
3. The Motions for Appointment of Counsel **ARE DENIED**;
4. The Motion to Consolidate **IS GRANTED**; and
5. The Clerk **SHALL SEND** copies of this Memorandum and Order to Plaintiff; and

6. The Clerk **SHALL CLOSE** this case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
